UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **City of Strongsville,** | ) | **CASE NO. 1:25 CV 1054** |
| | ) | |
| Plaintiff, | ) | **JUDGE PAMELA A. BARKER** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Angelica Muniz,** | ) | |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

*Pro se* Defendant Angelica Muniz removed a traffic citation to this federal court from the Strongsville Mayor's Court under 28 U.S.C. §§ 1441 and 1443. She claims, without explanation, that the state court is incapable or unwilling to protect her federal rights. For the reasons stated below, the Court finds that this case was not removable, and remands it to the state court.

Under 28 U.S.C. § 1441, a Defendant may remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Muniz is attempting to remove a criminal action, not a civil action. This case cannot be removed under § 1441.

Criminal cases may only be removed to federal court under 28 U.S.C. § 1443 and then only in extremely rare situations. As a rule, federal courts must decline to interfere with

1

pending state criminal proceedings unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). Title 28 U.S.C. § 1443 applies in one of those extraordinary and extremely rare circumstances in which the Defendant is "denied or cannot enforce in the [state] courts … a right under any law providing for the equal civil rights of citizens of the United States… ." 28 U.S.C. § 1443. The Supreme Court has determined that the phrase "any law providing for ... equal civil rights," means any federal law providing for specific civil rights stated in terms of racial equality, such as voting rights or equal access to public accommodations. *Georgia v. Rachel*, 384 U.S. 780, 788 (1966). This statute applies only when a criminal prosecution is based on the Defendant's participation in activities specifically protected by a federal statute enacted to provide racial equality, and state law prohibits or obstructs his or her ability to engage in that behavior. *See Johnson v. Mississippi*, 421 U.S. 213, 219-20 (1975). A criminal action cannot be removed merely by asserting that an accused's federal civil rights have been denied by state officials in advance of trial, that the charges against the accused are false, or that the accused is unable to obtain a fair trial in a particular state court. *City of Greenwood v. Peacock*, 384 U.S. 808, 827-28 (1966). Vindication of the Defendant's federal civil rights that arise during a state criminal proceeding is left to the state courts. *Id*. at 828.

A good example of an appropriate removal under § 1443 can be found in *Georgia v. Rachel*, 384 U.S. 780, 788 (1966). Thomas Rachel, a black male, was arrested in Atlanta, Georgia in 1963 and charged with trespass for trying to obtain service at a "whites only" restaurant. Georgia's trespass statute specifically prohibited black individuals from using "whites only" establishments. The Civil Rights Act of 1964, enacted shortly after Rachel's arrest, precludes state trespass prosecutions for peaceful attempts to be served on an equal

2

basis in establishments covered by the Act, even if the prosecutions were instituted prior to the Act's passage. *Hamm v. City of Rock Hill*, 379 U.S. 306, 311 (1964). Rachel was prosecuted under state law for his attempt to engage in behavior protected by the Civil Rights Act.

In this case, the Defendant was ticketed for speeding (driving 84 mph in a 60 mph zone) and failing to drive in continuous lanes. Neither of these activities is specifically protected by a federal statute enacted to provide racial equality. Removal is improper under 28 U.S.C. § 1443.

Accordingly, this action is remanded to the Strongsville Mayor's Court.

**IT IS SO ORDERED.**

Date: 7/7/2025

  s/*Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE